## Allison et al. v. Borders et al.

May 8, 1945.

William F. Clarke, Jr. for appellants.

Lawrence S. Grauman and F. L. Robinson for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The case tests the constitutionality of Chapter 65 of the Acts of the General Assembly of 1942. The Act which appears in the Kentucky Revised Statutes as sections 184.010 to 184.300, inclusive, provides for the creation and establishment of public road districts in counties containing cities of the first class. There are many subdivisions, thickly populated areas and unincorporated villages in Jefferson county traversed by numerous roads which are neither state nor county roads, and which are maintained by the voluntary contributions of the residents of these areas. The Act of 1942 provides a method for improving these roads at the cost of the owners of the property abutting thereon. In the title to the Act conditions existing in Jefferson county justifying the establishment of public road districts are set forth at some length. Pursuant to the Act, Belmar public road district was established, directors were appointed, and steps were being taken to construct certain roads in the district when Wayne Allison and Frances Allison, residents of the district and owners of a lot therein, instituted this suit challenging the legality of Chapter 65 of the Acts of 1942, and they asked for a declaration of the rights of the parties. The board of directors of the road district and the county judge of Jefferson county were made defendants. The plaintiffs asserted that the Act violated various sections of the Kentucky Constitution, and particularly section 141, which reads:

"The jurisdiction of the County Court shall be uniform throughout the State, and shall be regulated by

general law, and, until changed, shall be the same as now vested in the County Courts of this State by law.''

The circuit court upheld the Act and declared the rights and duties of the county judge, the directors, and the property owners.

Appellants insist that the Act violates section 59 of the Constitution which prohibits special legislation. We have held that general laws which are, by their terms, restricted in their operation to cities of the first class or counties containing a city of the first class were not in violation of the provisions against local legislation. If the classification rests upon a distinctive and natural reason rather than an arbitrary one, it is legal and the law is a general one in the constitutional sense. Connors v. Jefferson County Fiscal Court, 277, Ky. 23, 125 S. W. 2d 206; Burton v. Mayer, 274 Ky. 245, 118 S. W. 2d 547; Shannon v. Wheeler, 268 Ky. 25, 103 S. W. 2d 718; Shaw v. Fox, 246 Ky. 342, 55 S. W. 2d 11; Jefferson County v. Cole, 204 Ky. 27, 263 S. W. 1114. In the Act before us the Legislature set forth in the title and preamble the conditions existing in Jefferson county outside the corporate limits of the city of Louisville. It found that in Jefferson county adjacent to the city of Louisville are many thickly populated subdivisions which have running through them numerous public roads which were not constructed by and have not been maintained by either the Commonwealth of Kentucky or Jefferson county, and must be maintained solely by voluntary contributions of the persons who use such roads, and that there are many other public roads in Jefferson county of the same character which were not constructed in connection with the establishment of any subdivision. It further found that these conditions are peculiar to Jefferson county, and that it is desirable and for the best interests and welfare of the public at large that a method be provided for improving such public roads, which are neither state nor county roads, at the cost of the owners of the property abutting thereon. The Constitution does not forbid a reasonable and proper classification of the objects of legislation, and an act making a classification will only be avoided where the classification is manifestly arbitrary. As said in Shaw v. Fox, 246 Ky. 342, 55 S. W. 2d 11, 14:

''The power of classification for legislative purposes

rests with the Legislature, subject to the constitutional limitation or restriction that it must rest on some natural and reasonable difference which appears reasonable and just in relation to the act in respect to which the classification is proposed. The Constitution permits the Legislature to indulge in making classifications of subjects of legislation for the purpose of making different classes, for the meeting of different contingencies, naturally requiring different legislation in order that the Legislature may adopt general legislation to meet the needs of the people to promote some public object, or the welfare or interest of the general public. (Citations). Such classification will not be disturbed by the court unless so manifestly unfounded, arbitrary, or unjust as to impose a burden upon, or exclude, one or more of a class, without reasonable basis in fact.''

We are unable to say that the Legislature, in enacting Chapter 65 of the Acts of 1942, violated any of the limitations or restrictions prescribed by section 59 of the Constitution.

Appellants' principal contention is that the Act violates section 141 of the Constitution which provides that the jurisdiction of the county court shall be uniform throughout the state. The act is a comprehensive one and provides, in substance, that upon written petition of 51 per cent of the owners of property within the proposed public road district, the county judge shall, after first submitting the matter to the county engineer and after setting a time for those objecting to the establishing of the road district to be heard, establish the public road district if satisfied that 51 per cent of the property owners signed the petition and that the signatures are genuine. The county judge is authorized to appoint three persons as members of the road district board of directors whose duty it shall be to control and manage the affairs of the district. By order entered in the county court, the county judge shall fix the amount of the bond of each director and shall approve the same. The Act prescribes the procedure to be followed by the board in taking bids for the construction or resurfacing of roads, having the work done, levying and collecting assessment taxes to pay for same, and to pay the expenses of the district. The assessments are made a first lien on the abutting property, and are made on the front foot basis. Appellants rely upon Beauchamp v. Hen-

ning, 292 Ky. 557, 166 S. W. 2d 427, but that case is distinguishable from the case before us. There the court had under consideration the validity of Chapter 119 of the Acts of 1918 in which the Legislature attempted to amend chapter 80 of the Acts of 1914, which created the office of county road engineer and provided that the tenure of the office should be for a period of two years and that the county judge, subject to the approval of the fiscal court, should appoint the road engineer. The Act of 1914 applied alike to all counties in the Commonwealth. The 1918 amendment increased the tenure of office of road engineers in counties having a city with a population of more than 200,000 from two years to four years, and also provided that the road engineers for such counties should be appointed by the fiscal court, with the approval of the county judge. The amendment took away from the county judge of Jefferson county a power possessed by all the county judges of the state under a general law. It seems to be the view of appellees that it is only when jurisdiction which is being exercised by all county judges under a general law is taken away from one or more county judges that section 141 of the Constitution is violated, but, in this view, we are unable to concur. Where a general law is applicable, the Legislature may neither increase nor diminish the jurisdiction of only a portion of the county judges. However, when a law applicable to less than all the counties of the state is valid as a proper and reasonable classification, it is a general law since it applies to all counties falling in the classification, and the uniformity provided for in section 141 of the Constitution is not destroyed merely because some of the administrative or other duties prescribed by the law are to be performed by the county judge. In Hill v. Taylor, 264 Ky. 708, 95 S. W. 2d 566, 569, the constitutionality of Chapter 24 of the Acts of 1936 was attacked. The Act provided that in counties having fiscal courts composed of commissioners it should be the duty of the county judge to appoint any officer or employee when the commissioners failed, because of a tie vote, to elect or employ such officer or employee, and the deadlock had continued for not less than fifteen days. The Act was not applicable in counties having fiscal courts composed of magistrates, but was applicable in all counties having fiscal courts composed of commissioners. It was held that the pow-

er intrusted by the Act in county judges in counties of the latter type was "not inhibited by any of the terms of the Constitution."

Appellants complain because other sections of our Constitution, as well as the Fourteenth Amendment to the Federal Constitution, are violated, but these complaints are not stressed. The procedure set up by the Act for constructing roads, assessing the cost against the abutting property, issuing bonds, etc., is similar to the procedure in cities of the first class for improving streets at the cost of the owners of abutting property. The validity of such procedure has been upheld in numerous cases. In view of the rule that all doubts as to the constitutionality of a statute must be resolved in its favor, we are constrained to hold that the Act before us does not contravene any constitutional provision.

The judgment is affirmed.