**LYNCH et al. v. SCHULER et al.**

Court of Appeals of Kentucky.

May 4, 1951.

John S. Cary, Roy C. Neikirk, Louisville, for appellant.

Bernard C. Amshoff, C. Maxwell Brown, Louisville, for appellee.

STEWART, Judge.

This appeal is prosecuted by appellants as objectors to the formation of "Allston-Belmont Heights Road District", hereafter called "District", of Jefferson county, Kentucky, pursuant to KRS Chapter 184, and from a judgment entered August 29, 1949, by the Jefferson county court ordering the establishment of the District.

KRS 184.020 provides that a public road district may be created in the following manner: "Any person or group of persons owning property abutting upon any public

road (which is neither a county road nor a state road) in counties outside of and containing cities of the first class may sponsor the creation of such a road district. The sponsors shall first prepare or have prepared for them a map of that section of such public road which they desire to have improved. Such map shall show the boundary lines of the road, the intersection with other roads and the terminal points on the road desired to be improved, which shall always be center lines of intersections with other roads, and shall set forth on such map the names of the owners of all property and the number of linear feet owned by them abutting upon such road. The sponsors of said road district shall also have estimated for them by an engineer, who must be a private engineer licensed by the Commonwealth of Kentucky pursuant to KRS Chapter 322, (KRS 322.010 et seq.) the approximate cost of constructing the improvements desired, together with a statement of the approximate cost which shall be borne by each owner of property abutting on the road, determined by the number of linear feet of property owned by each abutting property holder. Said sponsors of said road district shall also prepare a petition and shall attach to said petition the aforesaid maps and statements of cost."

KRS 184.030, briefly summarized, requires that the petition mentioned above shall give the proposed name of the district; shall disclose the necessity for and purpose of the contemplated improvement; shall show that it will be conducive to the public safety, comfort, convenience and welfare; shall set forth a brief description of each road to be improved, with its width and terminal points; and shall have a map of the road or roads attached to the petition.

On May 24, 1949, a group of persons, claiming to own more than fifty-one per cent of the property abutting on and adjacent to the roads or streets proposed to be improved, determined by lineal feet, and alleging therein compliance with KRS 184.-020 and 184.030, filed a petition in county court seeking the establishment of the District, embracing the following public roads or streets, none of which is a state or county thoroughfare, in Jefferson county outside of Louisville, to-wit: "Maylawn Avenue, from the existing pavement of Bradley Avenue (formerly Flat Lick Road) to its terminus in Ellsworth Avenue; Merwin Avenue, from the existing pavement of Bradley Avenue (formerly Flat Lick Road) to the center line of Ellsworth Avenue; Ellsworth Avenue, from the corporate limits of the City of Louisville to its terminus in Maylawn Avenue; Quality Street, from the center line of Ellsworth Avenue to the center line of Ridgewood Avenue; and Ridgewood Avenue, from the corporate limits of the City of Louisville to its terminus in Quality Street."

After an alteration of the District by the elimination of Ellsworth Avenue therefrom and after the plans and specifications had been amended to accord with this change, as recommended by the road engineer of Jefferson county and adopted by the county court, the county road engineer, on June 20, 1949, filed in county court his approval of the plans and specifications for the District. Meanwhile, additional sponsors had made themselves parties to the proceeding petitioning the formation of the District. A day for a public hearing was set by the county court for July 15, 1949, to determine whether or not the District should be created and organized. On the date of the hearing, appellants as objectors filed an answer to the petition on behalf of themselves and others similarly situated, objecting to the establishment of the District and pleading certain other matters that we need not consider on this appeal.

Appellees demurred specially and then generally to the answer of appellants. The special demurrer was sustained only in so far as it applied to those who had not objected as actual parties to the proceeding to establish the District. As to the general demurrer, the county court ruled, and we note only the part we need consider here, "* * * that the demurrer to first paragraph of answer is sufficient to admit evidence on question of misrepresentation in acquiring original signatures for the original petition". The county court sustained the demurrer to all of the affirmative pleas of the second paragraph of the answer, making this statement in part, in the same order: "* * * and the court further

rules that if it is shown that 51% of abutting property owners are in favor of creating said district that the court will rule that the district must be created * *. * ".

Testimony was heard by the county court under date of July 28, 1949, and proof was limited only to the question as to whether or not there had been any fraud or misrepresentation in procuring the signatures on the petition to create the District, as the county judge had previously ·ordered. On August 29, 1949, judgment was rendered creating and establishing the District as amended and as revised, consisting of all of the streets mentioned herein, except Ellsworth Avenue.

Nine grounds are urged by appellants for a reversal of the judgment of county court creating and establishing the District. After a review of the entire record herein we have concluded that appellants have advanced one valid reason why the judgment below must be reversed and we shall confine the discussion in this opinion solely to that one point. We believe it will serve no good purpose to elaborate upon the other grounds.

We find merit in the contention of appellants that the petition is fatally defective and the judgment creating the District is erroneous because the District, as described in the petition and incorporated in the judgment by reference, does not comply with KRS 184.020 in respect to boundary lines, which section provides, in so far as pertinent here, that the terminal points on each road described to be improved "shall always be center lines of intersections with other roads". It is apparent, from even a cursory glance at the map filed as "Exhibit A" by appellees as sponsors, that the northwesterly end of Ridgewood Avenue in the District does not intersect with the center line of another road. In the recent case of Clark v. Riehl, 313 Ky. 142, 230 S.W.2d 626, 627, this Court, faced with a situation similar to the one now before us, made this statement on this precise issue: "It is conceded that no other road intersects Fairy Drive or Elfin Avenue at their western terminal points; but it is contended that, since Fairy Drive has been paved for a distance of 140 feet east of its intersection with Chenowith Lane, and Elfin Avenue has been paved for a distance of 763 feet east of its intersection with that lane, the requirements of the statute have been complied with, or, at least, substantially so. In support of this contention, appellees argue that the unpaved portion of Fairy Drive intersects, by joining with, the paved portion of the Drive and the unpaved portion of Elfin Avenue intersects, by joining with, the paved portion of that Avenue. We are of the opinion that two expressions · in the section under consideration preclude such construction; the first is 'center lines of intersections', which clearly indicates that the intersection referred to is such as would not be the mere extended portion of the road described; ·the other expression is 'other roads' which we construe to mean different roads from, in contradistinction to mere extended portions of, described roads."

It follows that, since the northwesterly terminal point of Ridgewood Avenue does not conform to the legal requirements set forth in KRS 184.020, the county court committed a reversible error by including it as one of the roads or streets of the District.

The judgment is reversed.