**POYNTER et al. v. WORTH et al.**

Court of Appeals of Kentucky.

May 30, 1952.

William E. Berry, D. D. Schroader, Louisville, for appellant.

Allen P. Dodd, Jr., Marlow Cook, Louisville, for appellee.

MORRIS, Commissioner.

This appeal is from an order of the Jefferson County Court establishing a road district, to be known as the Wingfield Lane District, under the provisions of Chapter 184, KRS. The proceeding was begun by the filing of a petition signed by 45 or more sponsors, freeholders of the subdivision, owners of more than 51 per cent of the abutting properties. The petition to all intents and purposes, except in the one challenged instance, conforms to statutory requirements. A map was filed, the project was approved by a competent engineer and hearings had.

Appellants, nine in number, objected on the ground that the petition did not conform to the requirements of KRS 184.020. The allegation of the petition is that the proposed road is to be "20 feet in width, and is to run from Bardstown east to the end of the subdivision." Apparently the word "Road" is omitted after the word "Bardstown." The map shows that road to be the west terminal. We gather from briefs that the proposed road is seven-tenths of a mile in length.

Public hearings were had, though what then and there occurred is not shown by the transcript. It does appear that the only objection advanced was non-conformity with the statute, the sole question here presented for determination. The court following the hearings overruled objection and entered an order establishing the project. Direct appeal to this court was granted. KRS 184.040(3).

Appellants contend that since the proposed road, beginning at the Bardstown (Road) does not intersect this road, nor any other road, but runs to a dead end, there is a failure to comply with KRS 184.020, which provides:

"* * * the sponsors shall * * have prepared for them a map of that section of such public road which they desire to have improved. Such map shall show the boundary lines of the road, the intersections with other roads and the terminal points on the road desired to be improved, which shall always be center lines of intersections with other roads."

Reference to Allison v. Borders, 299 Ky. 806, 187 S.W.2d 728, Clark v. Riehl, 313 Ky. 142, 230 S.W.2d 626, and Lynch v. Schuler, Ky., 239 S.W.2d 251, 253, will show that we have heretofore analyzed the statute, its purpose and requirements. The last two cases dealt directly with the question before us, and upon these appellants rely for a reversal.

In the Lynch case the sponsors undertook to establish a road district embracing several roads or avenues. We found that

526

one of these, Ridgewood Avenue, did not "intersect with the center line of another road" and because of this fact the trial court's order establishing the project was reversed. In construing KRS 184.020 we pointed out that one requirement was that the terminal points on each road should always "be center lines of intersections with other roads."

We cited with approval the Clark case, 230 S.W.2d 626, 627, in which it appeared that the court had approved establishment of a district embracing two roads or avenues. We reversed because it was conceded that "no other road intersects Fairy Drive or Elfin Avenue." In answering the argument that because of certain facts appearing, the statute had been substantially complied with, we said:

"We are of the opinion that two expressions in the section under consideration preclude such construction; the first is 'center lines of intersections', which clearly indicates that the intersection referred to is such as would not be the mere extended portion of the road described; the other expression is 'other roads' which we construe to mean different roads from, in contradistinction to mere extended portions of, described roads."

Counsel for appellees do not contend that we gave erroneous construction to the pertinent portion of the statute, but undertake to distinguish the situation in the present case from those in the two cases cited by appellants. They contend that the statute should be construed to mean that the court may legally establish a road district where the district to be established "covers the entire length of a single road," in this case Wingfield Lane. We fail to see where the fact that only one road is embraced in the project would permit us to disregard the requirements set up in the statute and so clearly emphasized in the two opinions above cited. It is true as is contended by appellees that the Act, Ch. 65, Acts of 1942, is remedial in nature, and its construction should be liberal so as to meet the "unfortunate position" in which appellees find themselves, due to the "deplorable condition" of Wingfield Lane. However, to hold as appellees would have us hold would be to disregard the clear language and apparent intendment of the Act, and to disregard our former opinions.

Under authority of the two cases cited we are compelled to reverse the judgment or order establishing Wingfield Lane as a road district.

Judgment reversed.