DOBROZSI et, Plaintiffs, v. HENSON et, Defendants.

Municipal Court, Columbus.

No. 49032.   Decided June 23, 1959.

Lane, Huggard & Alton, Columbus, for plaintiffs.
Hamilton & Kramer, Columbus, for defendants.

## OPINION

By TROOP, J.

This cause is on to be heard upon the pleadings, exhibit, stipulations and the evidence having been submitted upon the motion of defendants for a directed verdict made at the close of defendants' case.

The court finds as basic matters of fact that the plaintiff, Frank Dobrozsi, on February 17, 1956, at about 10.30 A. M., was proceeding south on Sixth St., as the last car in a funeral procession following the vehicle immediately ahead of him at a distance of from 50 to 70 feet, or the approximate width of Town Street, at the time he entered the intersection of Sixth and Town.   Further, the court finds that the defendant, Thomas Henson, was the driver of the automobile stopped at the west side of the intersection headed east waiting for the traffic control signal to change and when the light changed to green, east and west, Henson moved into the intersection striking the vehicle of the plaintiff on the right front side.   Plaintiff had his headlights lit and was displaying a funeral pennant as required by §4511.451 R. C.   Sixth and Town are duly dedicated streets in the City of Columbus, Franklin County, Ohio.

Plaintiff herein seeks the legal advantage provided by §4511.451 R. C., which gives to a funeral procession a preference of right of way at traffic controlled intersections.   The evidence seems clear that the procession, in which plaintiff participated, was a funeral procession as

defined by the statute. There were more than two vehicles accompanying a deceased person, in the day time, with the headlights lighted and displaying purple flags mounted higher than the tops of the vehicles so as to be seen by traffic approaching any direction. It appears also that the lead vehicle had entered the intersection under the direction of a police officer which entitled the other vehicles in the procession to continue to follow in spite of the traffic control device. The priority conferred by the law is to each vehicle "a part of a funeral procession" and "provided the operator of each vehicle exercises due care" in the situation.

After reasonable research, this court is unable to find a decision of a court involving a funeral procession in a jurisdiction with an operative statute such as ours. In fact, decisions concerning funerals are extremely scarce and there seems to be few statutes conferring priority at intersections. Our statute is relatively new, hence there are no decisions in Ohio interpreting and applying it. The City of Cleveland Heights had an ordinance forbidding a vehicle to be driven through a procession, which would seem to protect a funeral procession, but in the case of **City of Cleveland Heights v. William John Collins, 5 O. O. 380,** the court discharged the defendant who, traveling with the green light in his favor, struck the hearse in a funeral procession.

. Since courts have not decided cases involving our problem the best we can do is to look to parallel or comparable situations. **Sec. 4511.45 R. C.,** gives preference to emergency vehicles at intersections and since it confers a priority on this class of vehicles it is like §4511.451 R. C., which confers a similar priority upon the cars in a funeral procession. The sections are similar also in their provisions establishing a standard of responsibility in the conduct of the preferred drivers. **Sec. 4511.45 R. C.,** provides;

"This section does not relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons and property upon the highway."
and the comparable clause in §4511.451 R. C., reads;

"provided the operator of each vehicle exercises due care to avoid colliding with any other vehicle or pedestrian upon the roadway."

The sections are comparable in that they give to a designated class of vehicles priority at intersections and also in that they require the driver of the preferred vehicle to "drive with due regard" and to exercise "due care to avoid colliding with any other vehicle."

It is to be noted that under §4511.451 R. C., the vehicle must be a part of a funeral procession to enjoy the preference. It would seem that a fair concept of a funeral procession would be that a group of vehicles, two or more besides a hearse, must be proceeding in an orderly manner, that is, in an orderly file or formation. If the last car in the line decides to straggle along at some distance, or for any cause loses its identity as a part of that orderly formation, then it is no longer a part of the procession. Surely, if that last car lags behind two blocks, he is no longer a part of the procession. But, just how great must that separating distance be for the straggler to be out of formation.

In the instant case the testimony is that all of the cars in the procession were moving and maintaining a distance of about one car length between. All were very close except the last one, the plaintiff herein, who was from three to five car lengths behind the car he was following, a distance of from 50 to 70 feet. The exercise of due care to avoid colliding with any other vehicle required that he maintain approximately the same distance between the preceding car as was being maintained by the other cars in the procession. If plaintiff failed to proceed in that accepted and uniform manner, he is no longer a part of the formation and he has not displayed the due care required by the statute.

Some concepts have been developed by the courts in the emergency car cases which may be of some help here. The case of **Jackson Brewing Co. v. Underwriters Salvage Corp., 35 Abs 271,** is an action by a plaintiff for damage to its truck by the truck of the defendant, a salvage vehicle, claiming right of way at an intersection as an emergency vehicle. The Salvage Company's truck, regarded as an emergency vehicle, had the privilege of proceeding through a red traffic light by virtue of a city ordinance, but the ordinance also required the emergency vehicle driver to have his vehicle under "full control" and the court held "full control" to mean the ability to stop after he had seen the other vehicle before entering the intersection.

In **Parton v. Weilnaux, Admx., 169 Oh St 145,** the Supreme Court reviewed a case involving §4511.03 R. C., which provides that an emergency vehicle "may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway." The court emphasized that the priority applies "only if" the vehicle proceeds cautiously.

This court believes that these sections do not give unlimited preference to emergency vehicles and to funeral processions. Such court decisions as deal with emergency vehicles clearly indicate that the attitude of our reviewing courts is that the preference is not unlimited but is forfeited if the operator of the preferred vehicle does not meet the standard of caution and due care. If such is the rule regarding the emergency vehicle, it should be equally true respecting the funeral procession.

The court in the **Parton** case discusses the matter of whether the non-preferred driver saw the flashing lights or heard the siren on the police car and the significance of such observation or failure to observe. In connection with the discussion, attention is called to McEwen Funeral Service, Inc. v. Charlotte City Coach Lines, Inc., 102 S. E. 2nd 816. Syllabus 5 appears pertinent to our consideration here; it reads;

"Use of traffic lights is so general that one who operates his motor vehicle in disregard of well understood meanings of such lights cannot be said to be a prudent person, and one who operates in accord with these meanings is not to be condemned for so doing."

Statutes preferring certain vehicles at traffic control devices upset the usual and the customary. Where they contain requirements setting standards of conduct, those requirements must be rigidly followed. Our courts seem to consistently require that emergency vehicles meet those requirements rigidly and with good reason. It is neither good law nor

356

good sense to encourage recklessness on the part of preferred drivers. At no time should the risk of injuring or killing others be tolerated just in order to save a life already in danger or to meet an emergency such as possible loss or property. If we, by court decisions, have established rigidly limiting rules for drivers of emergency vehicles, we must logically follow those same rules with respect to the cars in a funeral procession. There is no excuse or justification for a liberal interpretation of §4511.451 R. C. The deceased will not be inconvenienced by a delay in the arrival of a part of the procession. The worst possible consequence would be annoyance to the funeral director and that does not warrant the risk of injury to persons or possible loss of life.

The plaintiff here, at the time of the accident, was no longer a part of the procession and in lagging behind lost his preference and was not exercising due care in proceeding through the intersection with the traffic control against him. The motion of defendants for a directed verdict is sustained. Judgment is for the defendants and the petition of the plaintiffs is dismissed at plaintiffs' costs.