Leon **NEWMAN**, Appellant,

v.

Virginia **LEE** et al., Appellees.

Court of Appeals of Kentucky.

May 14, 1971.

As Modified on Denial of Rehearing Oct. 8, 1971.

William A. Miller, Louisville, for appellant.

Frank E. Haddad, Jr., Charles J. Lunderman, Jr., Louisville, for appellees.

EDWARD P. HILL, Jr., Judge.

The appellees filed this action against appellant for damages for personal injuries claimed to have resulted from an automobile collision between the automobile owned and operated by appellee Virginia Lee, with the other appellees as passengers, and one owned and being driven by the appellant, Leon Newman. The appellees received verdicts and judgments as follows: Virginia Lee, $1,500; El Marris Gentry, $2,500; Pearline Hammond, $5,187; and Dorothy Hammond, $100. For failure of the trial judge to define the duties of Virginia Lee, we reverse the judgment as to her. We affirm the judgment as to the other three appellees.

After a brief recital of the facts, we shall discuss the following questions presented by appellant in his brief, which are quoted verbatim therefrom:

"(1) The City of Louisville Ordinance 331.25 is unconstitutional, and Appellant was entitled to a directed verdict.

"(2) As a matter of law, Appellant was entitled to a directed verdict, because plaintiff was not a part of a funeral procession, and Appellee Lee's negligence was the sole cause of the accident.

"(3) The court's instructions were erroneous and prejudicial to Appellant, as a result of which Appellant is entitled to a new trial.

"(4) Prejudicial errors in the admission of evidence entitles Appellant to a new trial."

Now to the facts. The collision occurred in the intersection of Shelby and Kentucky Streets in Louisville on Saturday afternoon, February 4, 1968. Shelby Street at the time was a one-way thoroughfare for southbound traffic. It had four lanes with the two curb lanes reserved for parking. Kentucky Street, for eastbound traffic, likewise was a one-way street having four lanes with the two curb lanes allotted to parking.

Appellee Lee was proceeding south on Shelby Street in her left lane, and ac-

cording to Mrs. Lee, she was a part of a funeral procession.

Appellant was traveling east on Kentucky Street also in his left lane. He says when he was 50 feet from the traffic light it turned green for traffic approaching as was he. Mrs. Lee was not certain about the light. We may safely say that from the evidence as a whole she proceeded into the intersection when the light was red for her. She seeks to justify her conduct by saying that she was a part of a funeral procession, the cars included in which had their headlights burning and were displaying purple "funeral flags."

Appellee's car struck appellant's car in the area of the left-rear fender.

Appellant undertook at the trial level and undertakes in this court to argue that the Lee car had "lagged" so far behind the car in front of her that he was justified in concluding that the rear of the funeral procession had cleared the intersection before he proceeded into it with a green light. City of Louisville Ordinance 331.25 seems to authorize all vehicles engaged in a funeral procession to proceed through or against red traffic lights. But appellant argues that this ordinance is unconstitutional, and in the alternative, if it is valid, that Mrs. Lee fell back in the procession and lost her preference under the ordinance.

■ Appellant maintains that the ordinance is unconstitutional for these two reasons: First, it violates §§ 3 and 59 of the Constitution of Kentucky as being class legislation; second, it is not based on considerations of public safety, health, and welfare. He also argues that the ordinance should be stricken down because it conflicts with Ordinance 323.01, a general ordinance requiring observation of light signals, and because it fails to provide standards of operation.

The theory of appellant's argument is that the ordinance constitutes the grant of a *preference* or *privilege* to participants in

funeral processions and to the funeral directors who conduct them, and that the ordinance is for their benefit. We do not so view the ordinance. We think it is for the benefit of the traveling public generally, and that it is a legitimate traffic measure. Slow-moving funeral processions impede traffic and cause congestion, and it is in the interest of other motorists that their movement through the streets and to their destination be expedited. We think that is the purpose of the ordinance and that it serves the public welfare.

We do not find that the ordinance in question violates §§ 3 or 59 of the Constitution, or that it is invalid for failure to provide standards, or for any other reason. See Allison v. Borders, 299 Ky. 806, 187 S.W.2d 728, and Dobrozsi v. Henson, Ohio Mun., 162 N.E.2d 239.

Appellant next contends that he was entitled to a directed verdict "because plaintiff was not a part of the funeral procession and appellee Lee's negligence was the sole cause of the accident." His complaint is that the instructions assumed as a matter of law that Mrs. Lee was in a funeral procession when, as he contends, she had ceased to be in the procession.

Whether or not Mrs. Lee was in a funeral procession is, of course, a question of fact and would ordinarily be a matter for the jury to determine unless it can be said that the evidence compels reasonable men to reach but one conclusion.

■ There is no claim that Mrs. Lee was operating her automobile upon a mission entirely unrelated to a funeral. It is uncontradicted that a funeral procession was passing through the intersection where the accident occurred and that her car was positioned about midway in the procession. Appellant admits that he saw the procession pass in front of him and did not slow his car before entering into the intersection. He does not claim that Mrs. Lee permitted other vehicles to come between her automobile and the car in the procession immediately ahead of her thereby

breaking the continuity of the procession. His only claim is that Mrs. Lee did not follow closely enough behind the car immediately ahead of her and that because she fell so far back the appellant thought the procession had completely passed through the intersection and that he might safely proceed.

Varying estimates were given of the distance Mrs. Lee trailed the car immediately preceding her. Under the evidence most favorable to appellant, Mrs. Lee trailed the car ahead of her no more than five to eight car-lengths or ninety to one-hundred feet. It is possible for a car in a funeral procession to fall so far behind as to no longer be considered a part of the procession, but we do not believe that a car which lags only five to eight car-lengths can be said to have lost its place in a funeral procession. The instructions authorized a finding for the appellant if the jury believed that in the exercise of ordinary care he could not have seen that Mrs. Lee was in the procession and this was as favorable an instruction as he was entitled to under the evidence.

Appellant's third point is directed at the failure of the trial court to give an offered instruction defining the duties of Mrs. Lee. We agree that this failure was error and requires a reversal of the judgment in favor of Mrs. Lee.

■■ Even though Mrs. Lee was in her proper place in the funeral procession and had a right to proceed through a red light, her right was not absolute. She still was under the duty to exercise ordinary care for the safety of appellant and for those persons in her own car. In Gasparac v. Castle, Ky., 330 S.W.2d 111, 113 (1959), this court said:

"When a driver has the preferred right of way, he must be especially alert when he intends to run a red traffic light at a busy street intersection and must take care commensurate with the serious consequences that might follow his failure to do so."

See also City of Louisville v. Chapman, Ky., 413 S.W.2d 74 (1967). The instructions should have outlined the duties of Mrs. Lee and submitted the issue of contributory negligence as a bar to her claim.

Appellant's final argument relates to the reading before the jury of the ordinance in question. He says that this treatment of the ordinance amounted to a directed verdict for Mrs. Lee and her guests.

In Severance v. Sohan, Ky., 347 S.W.2d 498, 502 (1961), in discussing the question this court said:

"We do not know of any way in which an ordinance or any other document may be 'introduced in evidence' without being read to the jury unless the requirement is waived by opposing counsel. Indeed, the very words of KRS 83.080 contemplate that the ordinance will be 'read as evidence.' Therefore, in view of the Fryrear case the procedure followed in the trial court was correct. However, in future cases wherein an ordinance must be proved, after such preliminary matters as the authenticity and applicability of the ordinance have been proved or admitted (or, in the case of first-class cities, established by judicial notice), it will lie in the sound discretion of the trial court to dispense with the actual reading of its substance to the jury."

■ We have concluded that we need to modify, slightly, the rule announced in Severance, supra. An ordinance such as we have considered in the instant case is simply a law pertaining to the regulation of traffic in the city like our state laws. We do not read to the jury our statutes relative to the duties of the parties. We are required to take judicial knowledge of ordinances of cities of the first class. KRS 83.080. In future cases, we think it better for the trial court to admit as a part of the evidence the ordinance in question without reading it to the jury. The duties of the parties defined by the ordinance should be covered by the instructions.

■ The jury has found the appellant guilty of negligence. The appellees Pearline Hammond, El Marris Gentry, and Dorothy Hammond not being chargeable with contributory negligence, if any, of Virginia Lee, the judgment is affirmed as to them. The judgment is reversed as to Virginia Lee for a new trial consistent with this opinion.

All concur.