OPINION
Appellant Rosario Day appeals the decision of the Richland County Court of Common Pleas that granted Appellee Elijah Herans' motion for summary judgment. The following facts give rise to this appeal.
The accident giving rise to this appeal occurred on July 16, 1998. On this date, Appellant Day was operating her vehicle, on 4th Street, in the City of Mansfield. As Appellant Day approached the intersection of 4th Street and North Adams Street, the traffic signal was green. After Appellant Day's vehicle entered the intersection, the traffic signal, controlling traffic on East 4th Street, turned from green to yellow.
At the same time, Appellee Herans was operating a vehicle southbound on North Adams Street, as part of a funeral procession. Although Appellant Herans had his headlights illuminated on his vehicle, he did not have the required purple and white pennant displayed on his vehicle. Prior to reaching the intersection of East 4th Street and North Adams, Appellee Herans had to travel up a hill on North Adams Street. The top of the hill is located close to the traffic signal controlling the intersection. Appellee Herans claims that due to the steepness of the hill, he could not see either the traffic signal nor the traffic on East 4th Street until he reached the top of the hill.
As Appellee Herans reached the top of the hill, his vehicle collided with Appellant Day's vehicle. The front of Appellee Herans' vehicle collided with the passenger side of Appellant Day's vehicle. The impact of the accident forced Appellant Day's vehicle into Riley Shepherd's vehicle which was stopped at the intersection facing eastbound on East 4th Street.
As a result of the accident, Appellant Day filed a complaint on August 27, 1999, seeking damages against Appellee Herans and Williams Funeral Services for personal injuries she received. Subsequently, both Appellee Herans and Williams Funeral Services filed motions for summary judgment. The trial court granted both motions for summary judgment on August 3, 2000. Appellant Day filed a notice of appeal and challenges the trial court's grant of summary judgment only as it pertains to Appellee Herans. Appellant Day sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF/APPELLANT IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND FINDING THAT REASONABLE MINDS COULD NOT CONCLUDE THAT DEFENDANT/APPELLEE WAS NEGLIGENT AND THAT SUCH NEGLIGENCE WAS A PROXIMATE CAUSE OF THE JULY 16, 1998 AUTOMOBILE COLLISION.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF/APPELLANT IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND FINDING THAT, AFTER WEIGHING THE EVIDENCE IN FAVOR OF PLAINTIFF/APPELLANT, REASONABLE MINDS COULD ONLY CONCLUDE THAT PLAINTIFF/APPELLANT WAS THE SOLE CAUSE OF THE COLLISION.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review Appellant Day's assignments of error.
 I, II
We will address both of Appellant Day's assignments of error simultaneously as both concern the issue of proximate cause. In her First Assignment of Error, Appellant Day contends the trial court erred when it granted summary judgment because reasonable minds could conclude that Appellee Herans was negligent and that such negligence was the proximate cause of the accident. Appellant Day maintains, in her Second Assignment of Error, that the trial court erred when it granted summary judgment and concluded that reasonable minds could only find that she was the sole cause of the accident.
In granting Appellee Herans' motion for summary judgment, the trial court found that Appellant Day was the sole and proximate cause of the accident. Judgment Entry, Aug. 3, 2000, at 2. The trial court relied on the language contained in R.C. 4511.451 and concluded:
 * * * [w]henever the lead vehicle in a funeral procession lawfully enters an intersection, the remainder of the vehicles in the procession may continue to follow the lead vehicle through the intersection, notwithstanding any traffic control devices or right-of-way provisions of the Revised Code, provided the operator of each vehicle exercises due care to avoid colliding with any other vehicle or pedestrian upon the roadway. The lead car of the funeral procession lawfully entered the intersection and, even if Mr. Herans' vehicle had displayed the white and purple funeral pennant, Ms. Day's conduct would still have been the proximate cause of the collision due to her failure to exercise ordinary care in the operation of her vehicle. Id.
The statute at issue, R.C. 4511.451, provides, in pertinent part:
 As used in this section `funeral procession' means two or more vehicles accompanying a body of a deceased person in the daytime when each of such vehicles has its headlights lighted and is displaying a purple and white pennant attached to each vehicle in such a manner as to be clearly visible to traffic approaching from any direction.
 * * * [O]perators of all vehicles, street cars, and trackless trolleys shall yield the right of way to each vehicle which is a part of a funeral procession. Whenever the lead vehicle in a funeral procession lawfully enters an intersection the remainder of the vehicles in such procession may continue to follow such lead vehicle through the intersection notwithstanding any traffic control devices or right of way provisions of the Revised Code, provided the operator of each vehicle exercises due care to avoid colliding with any other vehicle or pedestrian upon the roadway.
 No person shall operate any vehicle as a part of a funeral procession without having the headlights of such vehicle lighted and without displaying a purple and white pennant in such a manner as to be clearly visible to traffic approaching from any direction.
"Statutes preferring certain vehicles at traffic control devices upset the usual and the customary. Where they contain requirements setting standards of conduct, those requirements must be rigidly followed."Dobrozsi v. Henson (1959), 81 Ohio Law Abs. 353, 355. R.C. 4511.451 does not give unlimited preference to funeral processions. Rather, this preference may be "* * * forfeited if the operator of the preferred vehicle does not meet the standard of caution and due care." Id.
Appellant Day argues, in her brief, that Appellee Herans lost the preference provided funeral processions because he failed to display a purple and white pennant and lagged behind the vehicle in front of him and therefore, was no longer a part of the funeral procession. Appellee Herans admits that his vehicle did not display the purple and white pennant because the funeral home did not provide him with one. However, Appellee Herans disputes Appellant Day's distance argument. Appellee Herans claims that he was approximately one car length behind the vehicle immediately in front of him in the procession.
A witness to the accident, Riley Shepherd, testified, at his deposition, that the distance between Appellee Herans' vehicle and the vehicle in front of Herans' was approximately twenty to twenty-five feet. Depo. Riley Shepherd at 13-14, 38. Mr. Shepherd also stated that when the accident occurred, it appeared as though Appellee Herans was attempting to catch up to the procession. Id. at 40.
Appellant Day claims that due to Appellee Herans' failure to display the required pennant and failure to keep up with the funeral procession, Appellee Herans lost his preferred status and instead had to exercise ordinary care under the surrounding circumstances. Appellant Day further argues that Appellee Herans did not exercise ordinary care because the evidence suggests that Appellee Herans' vehicle entered the intersection when the traffic light was red for vehicles traveling south on North Adams Street. Finally, Appellant Day contends an issue of comparative negligence exists for a jury to determine if Appellee Herans loses his preferred status and Appellant Day is also found partially negligent.
We conclude, based on our review of the record, that a question of material fact exists as to whether Appellee Herans had the right-of-way in this matter because he failed to display a purple and white pennant. A jury question also exists as to whether Appellee Herans' vehicle lagged at such a distance that he was no longer a part of the funeral procession and therefore, lost his right-of-way under R.C. 4511.451. Further, should a jury find that Appellee Herans' lost his preferred status, it must then determine the comparative negligence of the parties.
Accordingly, we sustain Appellant Day's First and Second Assignments of Error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Wise, J. Boggins, J., concurs. Hoffman, P.J., concurs separately.